UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITE HERE RETIREMENT FUND<br><br>and<br><br>TRUSTEES OF THE UNITE HERE RETIREMENT FUND,<br>333 Westchester Ave., North Building<br>White Plains, New York 10604,<br><br>*Plaintiffs*,<br><br>v.<br><br>PM HOSPITALITY STRATEGIES, INC.<br>d/b/a HILTON MEADOWLANDS HOTEL<br>2020 K Street, NW—Suite 600<br>Washington DC 20006,<br><br>*Defendant*. | **COMPLAINT**<br><br>NO. |

**Introduction**

1. This is an action to collect contributions owed to the UNITE HERE Retirement Fund ("Pension Fund"). The action is brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq., as amended ("ERISA").

**Jurisdiction and Venue**

2. The Court has subject-matter jurisdiction of this action pursuant to 29 U.S.C. § 1132(a)(3) and (e)(1) because the Trustees of the Pension Fund, who are fiduciaries under ERISA, seek to enforce provisions of Title I of ERISA that require employers to make contributions to a multiemployer pension plan according to the terms of the plan, 29 U.S.C. § 1145.

3. This Court has venue over this action pursuant to 29 U.S.C. § 1132(e)(2) because this is the district in which the plaintiff Pension Fund is administered.

**Parties**

4. Plaintiff Pension Fund is a trust fund established and maintained pursuant to 29 U.S.C. § 186(c)(5). Plaintiff Pension Fund is an employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(2) and (3), and is maintained for the purpose of providing retirement benefits to eligible employees of participating employers. Plaintiff Pension Fund is also a multiemployer pension plan within the meaning of 29 U.S.C. § 1002(37).

5. Plaintiff Trustees of the Pension Fund ("Trustees") are fiduciaries within the meaning of ERISA, 29 U.S.C. § 1002(21)(A).

6. All plaintiffs maintain their principal place of business at 333 Westchester Avenue, White Plains, New York. Plaintiff Pension Fund is administered at that location, within the Southern District of New York.

7. Plaintiffs bring this action on behalf of themselves and on behalf of the Pension Fund's participants and beneficiaries pursuant to 29 U.S.C. §§ 1132(a)(3) and 1145.

8. Defendant PM Hospitality Strategies, Inc. d/b/a Hilton Meadowlands Hotel ("Defendant") is engaged in the hospitality business. It is an employer in an industry affecting commerce within the meaning of ERISA, 29 U.S.C. § 1002(5), (11) and (12) and § 1003(a)(1).

9. Defendant's principal business location is in East Rutherford, New Jersey, with a corporate office in the District of Columbia.

**Statement of Facts**

10. In March 2015, the Defendant and the Hotel and Motel Trades Council of New York (collectively, "Union") agreed to a collective bargaining agreement ("2015 CBA") in which the Defendant agreed to adopt and be bound by the Greater Regional Industry Wide Agreement ("GRIWA") between the Union and the Hotel Association of New York City, Inc, with certain modifications as set forth in the 2015 CBA. A copy of the 2015 CBA is attached as Exhibit A.

11. In section 7 of the General Rider to the 2015 CBA, the Defendant agreed to contribute on behalf of all employees covered by the CBA to the Plaintiff Pension Fund at a specified contribution rate based on the hours worked by each such employee during each contribution month. Exhibit A, p. 6, see also Exhibit A, p. 4.

12. On October 9, 2018, the Union and Defendant entered into a CBA ("2018 CBA") which extended the term of the 2015 CBA and the GRIWA until March 31, 2020, with certain modifications outlined in the 2018 CBA. A copy of the 2018 CBA is attached as Exhibit B.

13. Section 5 of the 2018 CBA establishes that, effective April 1, 2018, the Defendant would contribute to the Pension Fund $0.61 per hour worked for employee covered by the CBA. Exhibit B, p. 2.

14. By agreeing to contribute to the Pension Fund, Defendant agreed to abide by the rules that govern the Pension Fund.

15. The Trustees of the Pension Fund have promulgated a Policy for the Collection of Delinquent Contributions ("Collections Policy"). A copy of the Collections Policy is attached as Exhibit C.

16. The Collections Policy requires contributing employers, including the Defendant, to submit remittance reports along with their monthly contributions to document the amounts due on behalf of each covered employee. Exhibit C, at §I.

17. Reports and contributions are due on the fifteenth day of the month following the reported-upon month. Exhibit C, at §I.

18. Contributions that are not received by that deadline are charged simple interest at a rate of one percent (1%) per month or any portion of a month that the contribution is delinquent, and liquidated damages equal to twenty percent (20%) of the principal delinquency. Exhibit C, at §V. Such interest and liquidated damages charges are authorized by ERISA, 29 U.S.C. §1132(g)(2)(B)-(C),

19. Defendant did not submit reports or payment for November 2018 and December 2018 by their contractual deadline.

20. By letter dated January 16, 2019, the Pension Fund notified the Defendant that it had failed to submit reports or payments for those months and informed the Defendant of the estimated amount that was due for those months based on previously submitted reports A copy of the January 16, 2019 letter is attached as Exhibit D.

21. Thereafter, Defendant submitted reports for November 2018 and December 2018 that showed a total of $12,201.61 in principal contributions were due for work performed in November 2018 and December 2018. Copies of the November 2018 and December 2018 are attached as Exhibit E.

22. Despite submission of those reports and notwithstanding Plaintiffs demands for payment, the Defendant has failed and refused to pay the delinquent contributions for November 2018 and December 2018.

23.     Defendant's failure to make submit contributions for November 2018 and December 2018 violates 29 U.S.C. §1145.

24.     In addition to the delinquent principal, Defendant owes interest, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(2)(B)-(D).

Prayer for Relief

WHEREFORE, Plaintiffs Pension Fund and Trustees demand judgment for:

(a)     $12,201.61 in principal delinquent contributions for the months of November 2018 and December 2018, pursuant to 29 U.S.C. §1132(g)(2)(A);

(b)     Interest on the delinquent amounts set forth in (a) calculated at a rate of one percent per month or portion of a month of the delinquency, pursuant to 29 U.S.C. §1132(g)(2)(B);

(c)     $2,440.33 in liquidated damages (20% of the principal delinquency), pursuant to 29 U.S.C. §1132(g)(2)(C);

(d)     Such additional principal amounts that become due during the pendency of this action, plus interest and liquidated damages thereupon, pursuant to 29 U.S.C. §1132(g)(2)(A)-(C);

(e)     Reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2)(D); and

(f)     Such other legal and equitable relief to which plaintiffs are entitled.

CLEARY, JOSEM & TRIGIANI LLP

BY: _____
WILLIAM T. JOSEM, ESQUIRE
JEREMY E. MEYER, ESQUIRE
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated: March 8, 2019